**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eileen Shulin, ) | No. CV-11-2076-PHX-LOA |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Oakwood Temporary Housing, ) | |
| ) | |
| Defendant. ) | |

This case comes before the Court on Plaintiff's Motion to Extend Deadline for Service on Defendant Oakwood Temporary House and separate affidavit of Trisha Kirtley, Plaintiff's counsel, filed on February 22, 2012. (Docs. 7-8) Plaintiff seeks a thirty (30) day extension to serve the Complaint on Defendant until March 23, 2012 because of technical computer problems in the office of Plaintiff's counsel. (*Id.*)

Counsel avers that "[o]n February 10, 2012, Kirtley Wells Law Office experienced computer problem that became increasingly worse, such that the computer was seized by a spyware virus on February 13, 2012 (the following business day). (Doc. 8, ¶ at 1) After a service technician promptly serviced the computer system and hopefully removed the virus, counsel realized on February 22, 2012 for the first time, that the previously docketed information regarding service of the Complaint in this case was deleted likely by the virus. According to Plaintiff's counsel, the last day before the Rule 4(m) deadline expired for service of process upon Defendant Oak-wood Temporary House was Tuesday, February 21, 2012. (*Id.*, ¶¶ 4-5 at 2)

In addition to the computer problems, Plaintiff's motion indicates that Defendant, a Los Angeles business, does not have a registered statutory agent in Arizona and there are doubts who the proper defendant may be and who is authorized to accept service of process which have also delayed service of process. (Doc. 7 at 2)  Counsel represents there is no prejudice or delay to Defendant by permitting an extension under the circumstances and the motion is "not made to delay this matter or for any improper purpose." (*Id.*)

**I. Service of Process**

"'Service of process is the mechanism by which the court actually] acquires' the power to enforce a judgment against the defendant's person or property." *Robinson v. Heritage Elementary School*, 2009 WL 1578313, * 2 (D.Ariz. June 3, 2009) (quoting *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (citations omitted). "In other words, service of process is the means by which a court asserts its jurisdiction over the person." *Id*. (citing *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4.").

A plaintiff must serve all defendants with a copy of the summons and complaint within 120 days of filing a complaint. Rule 4(m), Fed.R.Civ.P.  Pursuant to Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . ."  Thus, the Court may dismiss an action where a plaintiff fails to show "good cause" for failing to serve the summons and complaint within the 120-day  deadline. *Townsel v. County of Contra Costa*, 820 F.2d 319 (9th Cir. 1987); *In re Sheehan*, 2001 WL 682453 (9th Cir. 2001). Ignorance of the existence of the 120-day rule does not constitute "good cause." *Townsel*, 820 F.2d at 320. The *Townsel* court expressly

noted that the 120-day rule "force[s] parties . . . to be diligent in prosecuting their causes of action." *Id*. Therefore, the court held that "to hold that complete ignorance of the rule . . . constitutes good cause for untimely service would allow the good cause exception to swallow the rule." *Id*. Although district courts have broad discretion to extend the time for service under Rule 4(m), "no court has ruled that the discretion is limitless." *Efaw v. Williams*, 473 F.3d 1038 (9th Cir. 2007).

**II. Discussion**

Plaintiff has established good cause to extend the service deadline. While the Complaint was filed on October 24, 2011, counsel should not have waited until the 120-day deadline nearly expired before serving Defendant, seeking a service extension or moving for alternative service if the exercise of due diligence to serve the proper party was unsuccessful because unexpected events do occur, like an unforeseen computer virus. Nevertheless, the Court agrees there is no prejudice to Defendant by permitting an extension and the docket does not reflect any reason for bad faith intentional delay or delay for any improper purpose. Moreover, Plaintiff promptly moved the Court for an extension when counsel realized the 120-day deadline expired after February 21, 2012.

Good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion to Extend Deadline for Service on Oakwood Temporary House, doc. 7, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve Defendant Oakwood Temporary House with the Summons and Complaint on or before **Friday**, **March 23, 2012**.

Dated this 23rd day of February, 2012.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge